## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES MCCONICO JR.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 19-00261-JB-N** |
| | ) | |
| **GUY NOE, *et al.*,** | ) | |
| **Respondent.** | ) | |

### REPORT AND RECOMMENDATION

Petitioner James McConico Jr., an Alabama inmate proceeding *pro se*, has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).[1] Under S.D. Ala. GenLR 72(b), McConico's petition and related motions have been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). After conducting preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that McConico's petition for writ of habeas corpus (Doc. 1) is due to be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition.

### I.    Second or Successive Habeas Petition

McConico's petition challenges a criminal judgment entered against him by the Circuit Court of Conecuh County, Alabama, in January 1996, on his conviction for

---

[1]      Upon review of McConico's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the Court finds that it should be construed as a 28 U.S.C. §2254 habeas petition challenging his conviction.

trafficking cocaine.[2]  However, the docket of this Court reflects that McConico has previously filed a habeas petition challenging that conviction.  (*See James McConico v. Grantt Culliver*, S.D. Ala. Case No. 1:09-cv-00322-CG-MU).  The record in McConico's 2009 habeas case reflects that his petition was dismissed because his claim was not properly asserted in a §2254 action and judgment was entered in favor of the respondent. (*See* S.D. Ala. Case No. 1:09-cv-00322-CG-MU, Doc. 21).  The record also states that McConico filed Motions for Certificate of Appealability twice and the court held that he was not entitled either to Certificate of Appealability or to proceed *in forma pauperis* on appeal on both motions. (*See* S.D. Ala. Case No. 1:09-cv-00322-CG-MU, Doc. 47).  The record does reflect that an appeal was taken in McConico's 2009 habeas case[3].  Thus, the petition in this action (Doc. 1) is a second or successive petition challenging his criminal judgment.[4]

     "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the

---

[2] McConico was also convicted of murder in the Circuit Court of Jefferson County, Alabama in June 1999, for which he received a life sentence in the state penitentiary. He does not reference this conviction in the present petition for writ of habeas corpus.

[3] McConico filed notice of appeal on May 6, 2010. The Eleventh Circuit Court of Appeals denied McConico's motion for certificate of appealability and mooted his motions to proceed on appeal in forma pauperis and for appointment of counsel. (*See James McConico v. Grantt Culliver*, S.D. Ala. Case No. 1:09-cv-00322-CG-MU)

[4]      "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).  Dismissal of a habeas petition as time-barred is a judgment on the merits.  *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt,* 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir.2003) ('[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").

petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.  Here, nothing in the record indicates that McConico has received such an order.  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).

Accordingly it is the recommendation of the undersigned that McConico's present petition (Doc. 1) be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition.

## II.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case.  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction.  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

## III.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law

or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

It is indisputable that this Court lacks jurisdiction to consider the merits of McConico's present petition because it is an unauthorized second or successive petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by McConico of the dismissal of the present habeas petition would be without merit and therefore not taken in good faith.

### IV.    Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that McConico's present petition (Doc. 1) be **DISMISSED** for lack of jurisdiction. It is further **RECOMMENDED** that the Court find McConico not entitled to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith. Additionally, it is **RECOMMENDED** that McConico's Motion for Summary Judgment (Docs. 8, 9, 13), Motion to Appoint Counsel (Doc. 12) and Motion for Reasonable Bail (Docs. 6, 11) are **DENIED AS MOOT**.

### V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the

Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 8th day of October 2019.

                         */s/ Katherine P. Nelson*
                         **KATHERINE P. NELSON**
                         **UNITED STATES MAGISTRATE JUDGE**